TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
BERENIKA D. PALYS (Cal. Bar No. 326036)
Assistant United States Attorney
Federal Building, Suite 7516
411 West 4th Street
Santa Ana, California 92701
Telephone: (714) 338 - 3538
E-mail: Berenika.Palys@usdoj.gov

Attorneys for the United States Small Business Administration

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Petition of National Default Servicing Corporation Regarding Unresolved Claims and Deposit of Undistributed Surplus Proceeds of Trustee's Sale Concerning Real Property Located at 2559 Independence Way, Corona, California 92882 | No. 26-6878<br><br>NOTICE OF REMOVAL OF CIVIL ACTION<br><br>[28 U.S.C. § 1442(a) and 1444] |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO THE PARTIES, BY AND THROUGH THE PARTIES', COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1442(a)(1) and 1444 Respondent United States Small Business Administration ("Respondent") hereby removes to this Honorable Court the State Court action described below. The grounds for this removal are as follows:

1. On or about September 28, 2026, Petitioner National Default Servicing Corporation filed a Petition and Declaration Regarding Unresolved Claims and Deposit of Undistributed Surplus Proceeds of Trustee's Sale in the Superior Court of California, County of Riverside, entitled *In re: 2559 INDEPENDENCE WAY CORONA, CA 92882* , as Case. No. CVCO2608689. A copy of the Petition and all other pleadings filed to date are attached as **Exhibit A.** The Petition is concerning real property located at 2559 Independence Way, Corona, California 92882 (the "Property").

2. The Petition arises from a nonjudicial foreclosure sale held on June 12, 2024, after which surplus proceeds remained following satisfaction of the foreclosing obligation. Petitioner alleges that, after payment of a senior claimant, disputed surplus proceeds remain and that competing claims have been asserted by Defendant United States Small Business Administration ("SBA") and former property owner Naz Badalyan. Petitioner seeks an order authorizing deposit of the disputed surplus proceeds with the court so that the competing claimants may litigate their respective rights to the funds.

3. This action is one which must be removed to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of civil actions against "[t]he United States or any agency thereof" to the district court embracing the place where the action is pending. Respondent is a federal agency and has asserted a claim to the disputed surplus proceeds based upon its status as assignee of loan and collateral documents relating to the Property. Accordingly, the United States has a direct interest in the subject matter of

this action and is entitled to assert all defenses, immunities, rights, and protections available under federal law, including sovereign immunity. *See City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 390 (6th Cir. 2007) (§ 1442(a)(1) "permits a federal agency to remove to federal district court without limitation").

4. This Court also has removal jurisdiction pursuant to 28 U.S.C. § 1444, which permits removal for any action brought against the United States under 28 U.S.C. § 2410 (actions affecting property in which the United States has a lien).

5. It is unknown whether Petitioner has served the United States Attorney General as required by Rule 4(i) of the Federal Rules of Civil Procedure. The Respondent received notice of this action less than thirty (30) days ago and therefore removal is timely. In *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999), the Supreme Court held that service must be complete before the 28 U.S.C. § 1446(b) time limits for removal begin to run. Accordingly, the time for this case to be removed pursuant to 28 U.S.C. § 1446(b) has not begun to run and, thus, removal is timely.

6. Promptly after filing this notice, Respondent shall give written notice of this removal to all parties and to the Clerk of the State Court. *See* 28 U.S.C. § 1446(d).

7. This Court is the proper district and division to hear this case because Plaintiff brought this action in the Superior Court of California, County of Riverside. *See* 28 U.S.C. § 1442(a).

8. Because this notice is filed on behalf of a federal agency, no bond is required under the terms of 28 U.S.C. § 2408.

WHEREFORE, Respondent removes this action now pending in the Superior Court of the State of California for the County of Riverside, Case No. CVCO2608689, to the United States District Court for the Central District of California.

Dated: November 16, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ *Berenika Palys*
BERENIKA D. PALYS
Assistant United States Attorney

Attorneys for the United States Small Business Administration